IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-236-BO

| | |
|---|---|
| TAMMY BROWN DENNING,<br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br>Defendant. | )<br>)<br>)<br>)    **O R D E R**<br>)<br>)<br>)<br>)<br>) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 14, 17]. A hearing on this matter was held in Edenton, North Carolina on November 17, 2015. For the following reasons, this matter is remanded for further proceedings.

BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for review of the Commissioner's decision denying her claim for supplemental security income pursuant to Title XVI of the Social Security Act (the Act).[1] Ms. Denning filed her claim on November 19, 2007, alleging an onset date of July 1, 1998. [Tr. 225–36]. Her application was denied initially and upon reconsideration. [Tr. 101, 110, 119, 131]. After a hearing, an Administrative Law Judge (ALJ) rendered an unfavorable decision. [Tr. 81-89]. Upon Ms. Denning's request for review, the Appeals Council remanded the case for consideration of plaintiff's mental limitations. [Tr. 96]. Following a second hearing, at which plaintiff amended her onset date to December 13, 2007, and dismissed her claim for disability insurance benefits [Tr. 42], a different ALJ rendered an unfavorable decision [Tr. 17–29]. The Appeals Council denied Ms. Denning's request for

---

[1] Plaintiff originally filed for disability insurance benefits pursuant to Title II, but withdrew that claim at the second administrative hearing.

review on October 29, 2014, rendering the second decision the Commissioner's final decision. [Tr. 1–4]. Ms. Denning now seeks judicial review.

Ms. Denning was 47 years old as of her amended alleged onset date and has an eleventh-grade education, though she obtained her GED. [Tr. 229, 270]. She has past relevant work as a secretary, bookkeeper, carpet cleaner, and retail clerk. [Tr. 50, 52, 67–68].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether there is substantial evidence to support the Commissioner's findings and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her application date. [Tr. 20]. The ALJ found a number of severe impairments, including chronic obstructive pulmonary disease/asthma, bipolar disorder, post-traumatic stress disorder, generalized anxiety disorder, panic disorder without agoraphobia, and alcohol dependence. [*Id.*]. None were found alone or in combination to meet or equal a listing at step three. [*Id.*]. The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform a limited range of medium work with numerous exertional and nonexertional limitations. [Tr. 22]. After determining that Ms. Denning was unable to perform her past relevant work, the ALJ relied on the testimony of a vocational expert to conclude that jobs exist in significant numbers in the national economy that plaintiff could perform, including housekeeper, supply worker, and kitchen helper. [Tr. 27–28]. Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Act.

Plaintiff alleges that the ALJ erred by improperly evaluating the opinion of treating physician Dr. Mikhail. Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). If the ALJ does not give the opinion of a treating source controlling weight, the ALJ must "give good reasons" for the weight given. 20 C.F.R. §§ 404.1527(c), 416.927(c).

In a medical source statement detailing Ms. Denning's limitations, Dr. Mikhail diagnosed Ms. Denning with Bipolar I Disorder and Post-Traumatic Stress Disorder. [Tr. 588]. He noted

3

that she was extremely impaired in her ability to understand and remember detailed instructions, maintain regular attendance, complete a normal workday without interruption from psychological symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the public and maintain socially appropriate behavior. [Tr. 590–91]. He also observed marked impairments in her ability to pay attention and concentration for extended periods of time, make simple work related decisions, and get along with coworkers without distracting them or exhibiting behavioral extremes. [*Id.*]. Dr. Mikhail also stated that she would be absent from work more than three times per month due to her impairments and treatment. [Tr. 589]. Dr. Mikhail's opinion is supported by that of state agency psychologist Dr. Stack, who evaluated Ms. Denning in November 2012. Dr. Stack opined, *inter alia*, that plaintiff "clearly cannot at this point in time tolerate stress and pressures of day-to-day activities," and "would not be able to work a full day much less a week . . . ." [Tr. 616, 618].

Interestingly, the ALJ afforded "little weight" to the opinions of both Dr. Mikhail and Dr. Stack because "the claimant's mental status examinations have been essentially normal with her mood repeatedly noted to be good or euthymic (normal)." [Tr. 26]. This is simply untrue. As plaintiff pointed out in her brief and at the hearing before this Court, Ms. Denning examinations were not normal; instead her symptoms ranged from incapacitating to nonexistent over a multi-year period from roughly 2007 to 2010. [Tr. 378–79, 389, 448, 454–55, 532, 539, 544, 570, 577]. Moreover, as the Fourth Circuit has noted, the Act "does not require a claimant to show an inability to engage in any substantial gainful activity every day of his existence." *Totten v. Califano*, 624 F.2d 10, 11 (4th Cir. 1980). This is particularly true given the nature of mental illness.

4

The ALJ gave significant weight to the opinions of examining state agency physician Dr. Gibbs and non-examining state agency consultants Dr. Gregory and Dr. Wax. [Tr. 26]. Notwithstanding that Dr. Gregory and Dr. Wax never personally evaluated plaintiff, the ALJ gave virtually no reason for giving these opinions, rather than those of Drs. Mikhail and Stack, considerable weight. The ALJ noted simply that Drs. Gibbs, Gregory, and Wax are "highly qualified physicians and psychologists who are experts in the evaluation of medical issues in disability claims under the Social Security Act . . . ." [*Id.*]. Given that Dr. Stack is also a state agency consultant and that determinations of an individual's RFC and of disability are issues reserved exclusively to the Commissioner, 20 C.F.R. §§ 416.927(e)(1) and (2), the ALJ's sole rationale for the weight given these opinions is confusing at best. More importantly, however, the evaluations of Drs. Gregory, Wax, and Gibbs were all performed in the summer of 2008, over five years before the ALJ's decision, and predated many of the treatment notes and assessments by Drs. Mikhail and Stack. [Tr. 500–03, 519–522, Tr. 466–69]. These opinions, therefore, cannot constitute substantial evidence contradicting the opinion of Dr. Mikhail. In sum, the ALJ's decision to discount the opinion of Dr. Mikhail was erroneous. His opinion is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

Case 4:14-cv-00236-BO   Document 23   Filed 11/24/15   Page 5 of 6

Remand is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

Here, the appropriate action is to remand the case to the Commissioner for consideration. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). Upon remand, the Commissioner is to give Dr. Mikhail's opinion controlling weight, and to reassess plaintiff's credibility in light of this finding.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 14] is GRANTED, defendant's motion for judgment on the pleadings [DE 17] is denied, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this __24__ day of November, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 4:14-cv-00236-BO   Document 23   Filed 11/24/15   Page 6 of 6